UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEAN MARC VAN DEN HEUVEL,<br><br>Plaintiff,<br><br>v.<br><br>AMANDA SOOTH,<br><br>Defendant. | No. 2:23–cv–361–TLN–KJN PS<br><br>ORDER GRANTING IFP REQUEST AND GRANTING LEAVE TO AMEND<br><br>(ECF No. 2.) |

Plaintiff Jean Marc Van Den Heuvel, who is proceeding without counsel in this action, requests leave to proceed in forma pauperis ("IFP").[1] (ECF No. 2.) See 28 U.S.C. § 1915. Plaintiff's affidavit makes the required financial showing, and so plaintiff's request is granted.

However, the determination that a plaintiff may proceed without payment of fees does not complete the inquiry. Under the IFP statute, the court must screen the complaint and dismiss any claims that are "frivolous or malicious," fail to state a claim on which relief may be granted, or seek monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2). Further, the federal court has an independent duty to ensure it has subject matter jurisdiction in the case. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004).

///

---

[1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to E.D. Cal. L.R. 302(c)(21). See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.

1

**Legal Standards – Failure to State a Claim**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Rule 12(b)(6).[2] A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

When considering whether a complaint states a claim upon which relief can be granted, the court must accept the well-pleaded factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Papasan v. Allain, 478 U.S. 265, 283 (1986). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

---

[2] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

**Analysis**

Plaintiff has brought suit against defendant Amanda Sooth, a Superior Court Clerk in El Dorado County, seeking $10,000 in damages. (ECF No. 1 at 2, 4.) Plaintiff does not identify a cause of action in the complaint itself, but on the civil cover sheet plaintiff identified the nature of the suit as an ADA employment claim. (ECF No. 1-1 at 2.) Despite this, the narrative in the complaint indicates plaintiff is dissatisfied with defendant in connection with a criminal case in El Dorado County Superior Court. (See ECF No. 1 at 4.) Plaintiff alleges being a stroke survivor who was treated as a "street criminal of low life" and "falsely sentenced" by several El Dorado County Judges. (Id.) Plaintiff's complaint also includes a copy of a complaint of judicial misconduct against these judges. (Id. at 6-7.)

Taking the complaint and civil cover sheet on its face, the court considers whether plaintiff has stated an ADA employment discrimination claim. To do so, plaintiff must provide facts indicating: (1) he has a disability within the meaning of the ADA; (2) he is capable of performing the essential functions of the job; and (3) the employer terminated him due to his disability. See Nunes v. Wal–Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999). There are no such facts in the complaint that could plausibly relate to an ADA employment discrimination claim, as plaintiff's interactions with defendant Sooth appear to have been related to his time as a criminal defendant in court—and not as an employee. (See ECF No. 1.) Thus, plaintiff's complaint is subject to dismissal under Rule 12(b)(6) for failure to state a claim. Mollett, 795 F.3d at 1065 (noting a complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to allege a cognizable legal theory).

Despite these errors, and in light of plaintiff's pro se status, it is at least conceivable he could allege additional facts relating to a disability discrimination claim. As noted above, it does not appear plaintiff could raise an ADA claim under Title I (employment). However, it is not inconceivable that a claim under Title II of the ADA could be raised for failure to provide a reasonable accommodation. To do so, plaintiff must allege sufficient facts to establish: (1) he is a qualified individual with a disability; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated

1  against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by
2  reason of his disability.  Weinreich v. Los Angeles County Metropolitan Transp. Auth., 114 F.3d
3  976, 978 (9th Cir. 1997).  Thus, the court finds it appropriate to grant plaintiff an opportunity to
4  amend the complaint.  See Lopez, 203 F.3d at 1130-31 (indicating that prior to dismissal, the
5  court is to tell the plaintiff of deficiencies in the complaint and provide an opportunity to cure—if
6  it appears at all possible the defects can be corrected).

7        In amending, plaintiff should consider that, despite his offhand reference to the
8  Constitution, it does not appear that any claims under 42 U.S.C. § 1983 would be cognizable
9  against this defendant.  This is because Sooth, as a court clerk, appears to have been acting as an
10 employee of the court, and would therefore be eligible for absolute judicial immunity.  See
11 Demoran v. Witt, 781 F.2d 155, 156 (9th Cir. 1985) ("Courts have extended absolute judicial
12 immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers
13 whose functions bear a close association to the judicial process.").  Further, any complaints
14 plaintiff has regarding his criminal proceedings or complaints against the El Dorado Superior
15 Court judges are generally not cognizable in this court.  See Ashelman v. Pope, 793 F.2d 1072,
16 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune
17 from damage liability for acts performed in their official capacities."); see also, e.g., Doe &
18 Assocs. L. Offs. v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001) ("[F]ederal district courts
19 lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

## **STANDARDS FOR AMENDMENT**

If plaintiff elects to file an amended complaint, this new pleading shall:
i.    be captioned "First Amended Complaint";
ii.   be limited to 5 pages, with text utilizing a font size of 12 Times New Roman or equivalent and double spacing (*pages exceeding the page limit will be summarily stricken and will not be considered part of plaintiff's operative pleading*);
iii.  list which claims he intends to raise against defendant Sooth, and under each claim, list the factual allegations supporting that claim;
iv.  include a general background facts section to orient the reader only as necessary;
v.   include his statements for jurisdiction, venue, and relief sought as is necessary;
vi.  omit exhibits, documents, photos, or other such "evidence" of his claims;
vii.  refrain from alleging redundant, immaterial, impertinent, or scandalous matters;
viii. address any other pleading deficiencies outlined above; and
ix.  be filed within 28 days of this order.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, a valid amended complaint supersedes other pleadings, and once the valid amended complaint is filed, the original complaint no longer serves any function.

Finally, nothing in this order requires plaintiff to file an amended complaint. If plaintiff determines that he is unable to amend his complaint in compliance with the court's order at this time, he may alternatively file a notice of voluntary dismissal of his claims without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) within 28 days of this order.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is GRANTED;
2. Plaintiff is granted 28 days from the date of this order to file either (a) an amended complaint in accordance with this order, or (b) a notice of voluntary dismissal of the action without prejudice; and
3. Failure to file either an amended complaint or a notice of voluntary dismissal by the required deadline may result in the imposition of sanctions, including dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Dated: April 20, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

AM/SD, heuv.361

5