1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JEAN MARC VAN DEN HEUVEL,              No.  2:23–cv–361–TLN–KJN PS

12                    Plaintiff,            FINDINGS AND RECOMMENDATIONS TO
                                           DISMISS FOR FAILURE TO PROSECUTE
13        v.

14   AMANDA SOOTH,

15                    Defendant.

16

17          Plaintiff, proceeding without the aid of counsel, filed a complaint against defendant Sooth

18   and requested leave to proceed without prepayment of the filing fee ("IFP").[1]  (See ECF Nos. 1,

19   2.)  The court granted plaintiff's IFP request and granted plaintiff leave to amend, finding the

20   complaint difficult to discern and instructing plaintiff to clarify his facts and claims.  (ECF No. 3.)

21   Plaintiff was given 28 days to amend and was warned that failure to do so by the required

22   deadline could result in sanctions, including "dismissal of the action with prejudice pursuant to

23   Federal Rule of Civil Procedure 41(b)."  (Id. at 5.)  This deadline has passed without any response

24   from plaintiff.  Given the mostly frivolous nature of the original complaint and plaintiff's failure

25   to respond to the court's order to amend, the undersigned recommends dismissing this case with

26   prejudice under Rule 41(b).

27   _____

28   [1] This action was referred to the undersigned pursuant to Local Rule 302(c)(21).

A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).  This court's Local Rules are in accord. See E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and other applicable law may support, among other things, dismissal of that party's action); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute or failure to comply with a court order or local rules, which are:

> (1) the public's interest in expeditious resolution of litigation;
> (2) the court's need to manage its docket;
> (3) the risk of prejudice to the defendants;
> (4) the public policy favoring disposition of cases on their merits; and
> (5) the availability of less drastic alternatives.

Ferdik, 963 F.2d at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors weigh in favor of dismissal, because this case has been delayed by plaintiff's failure to take the steps necessary to move it forward.  The third factor also favors dismissal, because, at a minimum, defendant has been deprived of an opportunity to be promptly notified of the lawsuit and prepare her defense.  With the passage of time, memories fade and evidence becomes stale.  The fifth factor also favors dismissal because the court has already attempted less drastic alternatives.  Specifically, after granting plaintiff leave to proceed without paying the filing fee, the court informed plaintiff of the complaint's deficiencies and granted

1  leave to amend.  However, plaintiff filed nothing since the initial complaint, leaving the court

2  with little alternative but to recommend dismissal.  Given plaintiff's request to proceed IFP, it is

3  unlikely that monetary sanctions would be effective.  Additionally, given that it appears the scope

4  of plaintiff's action concerns his attempt to sue the clerk of El Dorado Superior Court for alleged

5  civil rights violations in relation to plaintiff's prior criminal proceedings, it is likely this action is

6  frivolous in nature and unable to be cured by amendment.[2]  See Ashelman v. Pope, 793 F.2d

7  1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely

8  immune from damage liability for acts performed in their official capacities.").

9      As to the fourth factor, the public policy favoring disposition of cases on their merits, that

10  factor is outweighed by the other Ferdik factors.  Indeed, it is plaintiff's own failure to prosecute

11  the case and comply with the rules that precludes a resolution on the merits.  Therefore, after

12  carefully evaluating the Ferdik factors, the court concludes that dismissal is appropriate.

13      Accordingly, IT IS HEREBY RECOMMENDED that:

14      1.  Plaintiff's claims be DISMISSED with prejudice; and

15      2.  The Clerk of Court be directed to close this case.

16  These findings and recommendations are submitted to the United States District Judge assigned to

17  the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

18  being served with these findings and recommendations, plaintiff may file written objections with

19  the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

20  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

21  may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

22  (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23  Dated:  June 1, 2023

24

25  VanD.361

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26

27  [2] Plaintiff has filed multiple actions in this court that border on frivolity.  Plaintiff is warned that continued abuse of the court's process could result in the entry of a vexatious litigant order against him, which would restrict his ability to file cases in this court.  Plaintiff is likely aware of

28  this mechanism, as other California courts have entered similar orders against him.

3